UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| LEDELL SEANTREL TYLER, | ) |
| | ) |
| Petitioner/Defendant, | ) |
| | ) |
| v. | ) Case No. 4:17-cr-40011-SLD-2 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

ORDER

Before the Court are Petitioner Ledell Seantrel Tyler's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), ECF No. 122; Respondent United States of America's (the "government") Motion to Dismiss, ECF No. 125; Tyler's Motion in Relation Back to Original 2255 Petition ("Motion to Amend"), ECF No. 154; and Tyler's Motion to Grant 2255 Motion to Vacate and Vacate Conviction and Sentence as to Count Two ("Motion to Grant"), ECF No. 156. For the following reasons, the § 2255 Motion is GRANTED, the Motion to Dismiss is DENIED, the Motion to Amend is DENIED, and the Motion to Grant is GRANTED IN PART.

BACKGROUND

On February 22, 2017, Tyler, along with his co-defendants Deaunta Sentrel Tyler and Dalvent Jera Jackson, was indicted by a grand jury for attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One),[1] possession of firearms in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two), and possession of firearms by a felon in violation

---

[1] Count One also charged completed Hobbs Act robbery in the conjunctive. Indictment 1–2, ECF No. 1. At trial, the government only sought to prove attempted Hobbs Act robbery. *See, e.g.*, Oct. 30, 2017 Pretrial Conference Tr. 6:22–24, ECF No. 82 ("[W]hen we charged the case, we charged robbery and attempted robbery in the conjunctive. And when we go to trial, we're going to seek to prove the attempted robbery . . . .").

1

of 18 U.S.C. § 922(g)(1) (Count Four).  Indictment 1–3, ECF No. 1.  The case went to trial, and on November 15, 2017, a jury convicted Tyler on all three counts.  Jury Verdict 4–6, ECF No. 48.  He was sentenced to 60 months on Counts One and Four to run concurrently and 120 months on Count Two to run consecutively to Counts One and Four.  Judgment 2, ECF No. 103.  Tyler filed a notice of appeal on July 13, 2018.  Not. Appeal, ECF No. 105.  His appeal was eventually dismissed by the Seventh Circuit.  USCA Mandate, ECF No. 116.

      In March 2020, Tyler filed his § 2255 Motion, making the sole argument that Hobbs Act robbery and attempted Hobbs Act robbery do not categorically qualify as crimes of violence under 18 U.S.C. § 924(c).  Mem. Supp. § 2255 Motion 1, ECF No. 123.  In response, the government filed its Motion to Dismiss, arguing that Tyler's claim was procedurally barred because he raised the same issue on direct appeal and that his motion should be denied on the merits.  Mot. Dismiss 1.  Pursuant to Tyler's request, Mot. Stay 1, ECF No. 152, the case was stayed on February 18, 2022 pending the Supreme Court's decision on the appeal of *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), which would resolve the issue raised in his § 2255 Motion, Feb. 18, 2022 Text Order.  In April 2022, Tyler filed his Motion to Amend, seeking to add two new grounds to the § 2255 Motion.  Mot. Amend 4–10.  And in June 2022, Tyler filed his Motion to Grant, advising the Court that the Supreme Court had issued its ruling in the *Taylor* appeal and that the outcome invalidated his Count Two conviction and sentence.  Mot. Grant 1–2.  The government concedes that Tyler's Count Two conviction should be vacated due to *Taylor*, Suppl. Resp. 2, ECF No. 159, but argues that the Motion to Amend should be denied, *see id*. at 3.

## DISCUSSION

I. **Motion to Amend**

Tyler wishes to amend his § 2255 Motion to add two new grounds for relief: first, that "Count Two of his Indictment is fatally defective and fails to state a federal offense" because it does not adequately allege that he knowingly possessed a firearm in furtherance of Hobbs Act robbery, Mot. Amend 4–8, and second, that pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his indictment as to Count Four is fatally defective in that it does not adequately allege that he knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year at the time of the instant offense, *see id*. at 8–10. Because the government concedes that Tyler's Count Two conviction must be vacated, it takes no position on Tyler's argument that his Count Two indictment was fatally defective, Suppl. Resp. 2, but it contends that his *Rehaif* claim is untimely, procedurally defaulted, and lacking merit, *id*. at 3.

"Because the Rules Governing Section 2255 Proceedings . . . do not deal with amendments to motions for collateral review," district courts rely on Federal Rule of Civil Procedure 15 to determine whether to grant a motion to amend. *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999). Pursuant to Rule 15(a)(2), "[t]he court should freely give leave" to parties to amend their pleadings "when justice so requires." But the court can deny leave to amend when an amendment would be futile. *Bausch v. Stryker Corp*., 630 F.3d 546, 562 (7th Cir. 2010). Here, both proposed amendments would be futile. As discussed below, *see infra* Section II(b), Tyler's conviction and sentence as to Count Two must be vacated because of the Supreme Court's recent ruling that attempted Hobbs Act robbery does not categorically qualify as a crime of violence under 18 U.S.C. § 924(c), so any alleged defect in the indictment as to Count Two is irrelevant. And, while the indictment as to Count Four does not allege the

3

knowledge element now required under *Rehaif*, Tyler cannot seek redress for this error through a motion brought under 28 U.S.C. § 2255.

In *Rehaif*, the Supreme Court held that, in a prosecution under 18 U.S.C. § 922(g), "the [g]overnment must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200; *see United States v. Maez*, 960 F.3d 949, 954–55 (7th Cir. 2020) (clarifying that *Rehaif* held only that the government must prove knowledge of status, not knowledge that one's status prevents one from possessing a firearm). The Seventh Circuit has acknowledged that, under *Rehaif*, indictments must include the knowledge of status element. *See Maez*, 960 F.3d at 966 (assuming error where the indictment could not be read as alleging that the defendant had knowledge of his prior relevant conviction).[2] Tyler's indictment as to Count Four reads:

> On or about January 7, 2017, . . . the defendant, Ledell Seantrel Tyler, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms and ammunition, . . . said firearms and ammunition having previously traveled in interstate and foreign commerce.

Indictment 3 (capitalization omitted). This language is similar to the language of the § 922(g) indictment the Seventh Circuit assumed was defective in *Maez*, as the term "knowingly" falls after the clause about Tyler's previous conviction and therefore would not typically be interpreted to apply to that clause. *See Maez*, 960 F.3d at 966. As such, the Court cannot say that Tyler's Count Four indictment satisfies *Rehaif*. It will therefore address whether Tyler could bring a *Rehaif* claim in his § 2255 Motion.

---

[2] The Seventh Circuit rejected the argument that omitting the *Rehaif* element from an indictment constitutes structural error, a type of error considered to affect a defendant's substantial rights regardless of whether it has an actual impact on a defendant's trial. *Maez*, 960 F.3d at 957–58 (likening "an incomplete indictment . . . to an error in the jury instructions").

The Court finds that Tyler's *Rehaif* claim is untimely. "A district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations." *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002). New claims in a proposed amended § 2255 motion must either "independently meet the statute of limitations" or relate back to the filing date of the original motion. *Riney v. United States*, No. 15-3783, 2017 WL3426473, at *1 (7th Cir. Feb. 10, 2017) (citing *Mayle v. Felix*, 545 U.S. 644 (2005)). The proposed claim does neither.

As relevant here, to fall within the statute of limitations, a § 2255 motion must be filed within one year of the date on which the judgment of conviction became final or one year of the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §§ 2255(f)(1), (3). Tyler's conviction became final on January 13, 2020, *see Tyler v. United States*, 140 S. Ct. 819 (2020) (mem.) (denying petition for writ of certiorari), and *Rehaif*, which established the right under which Tyler now seeks redress, was decided on June 21, 2019, *see* 139 S. Ct. 2191. As such, the *Rehaif* claim, filed in April 2022, does not independently meet the statute of limitations.

Nor does it relate back to Tyler's initial § 2255 motion. "In order for an untimely claim to relate back, it must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *Rodriguez*, 286 F.3d at 981 (quotation marks omitted). Courts have uniformly denied amendments "that would add a new claim or theory of relief." *Id.* (collecting cases). Tyler's initial § 2255 motion argues only that his Count Two conviction must be vacated because Hobbs Act robbery and attempted Hobbs Act robbery are not categorically crimes of violence for purposes of § 924(c), Mem. Supp. § 2255

5

Motion 1; he does not mention his Count Four conviction at all. Thus, Tyler's motion to amend his § 2255 Motion to add a *Rehaif* claim is futile due to untimeliness.[3]

---

[3] Even if the statute of limitations were not an issue, the Court would likely find that Tyler has procedurally defaulted on the *Rehaif* claim, making his attempt to bring the claim futile. Tyler failed to argue on appeal that the Count Four indictment was defective in that it did not allege that he knew that he had been previously convicted of a crime punishable by imprisonment for more than a year. *See generally United States v. Tyler*, 780 F. App'x 360 (7th Cir. 2019). "In general, habeas corpus petitioners may not raise any issue that they might have presented on direct appeal." *Cross v. United States*, 892 F.3d 288, 294 (7th Cir. 2018). He may, however, "overcome procedural default by showing cause for the default and actual prejudice or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice." *Id.* at 294–95 (citations and quotation marks omitted). "Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is actually innocent of the crimes of which he was convicted." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) (quotation marks omitted).

Tyler likely could not show cause for failing to raise this issue on appeal. "A change in the law may constitute cause for a procedural default if it creates a claim that is so novel that its legal basis is not reasonably available to counsel." *Cross*, 892 F.3d at 295 (quotation marks omitted). While *Rehaif* was clearly a novel decision, *see, e.g.*, *United States v. Williams*, 946 F.3d 968, 970 (7th Cir. 2020) ("The Supreme Court's recent decision in *Rehaif* upset what was once a seemingly settled question of federal law." (citation omitted)), it was issued on June 21, 2019, *see* 139 S. Ct. 2191, before the Seventh Circuit had decided Tyler's appeal, *see Tyler*, 780 F. App'x 360. Moreover, Tyler filed a petition for rehearing in mid-July 2019, in which he again addresses only the § 924(c) issue. Pet. Rehearing 5, ECF No. 118. He does not explain why he could not have raised the issue before the Seventh Circuit. The Court also doubts that Tyler could show that he was actually prejudiced by the indictment error. *See Murray v. Carrier*, 477 U.S. 478, 494 (1986) (noting that, to show actual prejudice, a "[§ 2255] petitioner must show not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions" (second alteration in original) (emphasis omitted) (quotation marks omitted)); *see Brown v. United States*, CASE NO. 4:18-CR-00019-CDL-MSH & CASE NO. 4:19-CV-00208-CDL-MSH, 2021 WL 2546466, at *9 (M.D. Ga. Apr. 5, 2021) (addressing whether the defendant "suffered actual prejudice because the alleged indictment defects affected all subsequent proceedings in his criminal case," including the grand jury's finding of probable cause, the defendant's decision to stipulate to his prior felony convictions, and the jury's findings as to the sufficiency of the evidence). According to Tyler's Presentence Investigation Report ("PSR"), he had been convicted of at least two felony drug offenses in Illinois state court. *See Binderup v. Att'y Gen. U.S.A.*, 836 F.3d 336, 347 (3d Cir. 2016) ("Traditionally, felons are people who have been convicted of any crime that is punishable by death or imprisonment for more than one year." (quotation marks omitted)); *see United States v. McCreary*, CAUSE NO.: 1:17-CR-5-TLS-SLC & 1:19-CV-357-TLS, 2021 WL 510952, at *3 (N.D. Ind. Feb. 11, 2021) ("Courts may consider evidence in the record to determine whether the knowledge element set forth in *Rehaif* has been established." (citing *Williams*, 946 F.3d at 973–74; *Maez*, 960 F.3d at 964)). In light of Tyler's multiple previous felony convictions, it is likely that the government could have shown that he knew that he was a felon to the grand jury and at trial, and it is difficult to imagine what prejudice Tyler could show actually resulted from the defective indictment.

Nor could he likely show that he is actually innocent of the offense. "To establish actual innocence, [a] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quotation marks omitted) (noting that "actual innocence means factual innocence, not mere legal insufficiency" (quotation marks omitted)). In addressing Tyler and his co-Defendants' appellate challenge to the sufficiency of the evidence, the Seventh Circuit asserted that "it would be frivolous to argue that the considerable evidence in this case was insufficient for any rational trier of fact to find the essential elements of the offenses beyond a reasonable doubt," *Tyler*, 780 F. App'x at 362, and this Court agrees. Tyler would have to provide evidence far more convincing than what was presented at trial to show actual innocence, and he has offered the Court nothing. As such, it is unlikely that Tyler could overcome procedural default, even if he had filed the *Rehaif* claim before the statute of limitations expired.

Because both of the proposed amendments in the Motion to Amend would be futile, the Court denies the motion.

## II.  Merits of the § 2255 Motion

### a.  Legal Standard

A prisoner in federal custody may move the court that imposed his sentence to vacate, set aside, or correct it. 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Accordingly, such relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255(a)). A defendant may use a § 2255 motion to relitigate an issue previously decided on direct appeal where there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342 (1974).

### b.  Analysis

Tyler's § 2255 Motion addresses a single issue: whether Hobbs Act robbery and attempted Hobbs Act robbery categorically qualify as crimes of violence for purposes of 18 U.S.C. § 924(c). Mem. Supp. § 2255 Motion 1. Tyler made this argument on appeal, but, under prevailing precedent at the time, the Seventh Circuit rejected it. *United States v. Tyler*, 780 F. App'x 360, 363 n.2 (7th Cir. 2019). The Supreme Court has, however, recently issued a decision stating otherwise, *see United States v. Taylor*, 142 S. Ct. 2015 (2022), and so the Court may address this issue in a § 2255 proceeding, *see Davis*, 417 U.S. at 342.

7

As relevant here, 18 U.S.C. § 924(c)(1)(A)(iii) provides that

> any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

"[C]rime of violence" is defined as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id*. § 924(c)(3)(A).[4]  In *Taylor*, the defendant, who had been convicted of attempted Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and violation of § 924(c), filed a motion under § 2255, arguing that neither attempted Hobbs Act robbery nor conspiracy to commit Hobbs Act robbery qualifies as a crime of violence under § 924(c).  142 S. Ct. at 2019.  The Supreme Court held that attempted Hobbs Act robbery does not have as an element the use, attempted use, or threatened use of physical force, and thus cannot support a conviction under § 924(c).  *Id*. at 2020.

This resolves the entire issue.  Tyler was convicted of attempted Hobbs Act robbery, not completed Hobbs Act robbery, and this charge was the predicate offense for his § 924(c) conviction.  *See* Jury Verdict 4–5.  Because attempted Hobbs Act robbery is not a crime of violence, as required under § 924(c), his conviction under § 924(c) must be vacated.  Indeed, the government concedes this and acknowledges that Tyler should be resentenced.  Suppl. Resp. 2, 3.  The § 2255 Motion is, as such, granted.  Tyler will be resentenced on Counts One and Four.[5]

---

[4] The statute previously also defined "crime of violence" as "an offense that is a felony and that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). This provision, known as the "residual clause," was declared unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319, 2323–24, 2336 (2019).

[5] Although Tyler was sentenced to 120 months on his § 924(c) conviction, to be served consecutively to his sentence on Counts One and Four, Judgment 2, the Court will resentence him on Counts One and Four rather than simply vacating the Count Two sentence of 120 months. "Sentences for multiple offenses are generally treated as packages, so that when part of the package is removed on appeal, the district court may reconsider the overall sentencing package on remand." *United States v. Brazier*, 933 F.3d 796, 801 (7th Cir. 2019) (quotation marks omitted); *see*

*Taylor* also resolves the government's Motion to Dismiss and Tyler's Motion to Grant. The Motion to Dismiss argues that his § 2255 claim "is procedurally barred as he previously raised the issue on direct appeal" and that "his motion should be denied on the merits, as his conviction for attempted robbery is a crime of violence and a proper predicate offense for his conviction for Count 2." Mot. Dismiss 1.[6] As there was a change in the law due to *Taylor*, Tyler may bring this claim in his § 2255 Motion even though it was brought on direct appeal. *See Davis*, 417 U.S. at 342. And, under *Taylor*, his conviction for attempted robbery cannot be a proper predicate offense for his conviction under § 924(c). The government's Motion to Dismiss must, therefore, be denied. Tyler's Motion to Grant requests that the Court grant his § 2255 Motion pursuant to *Taylor*, Mot. Grant 1–2, and the Court does so. He also asks the Court that he be immediately released from prison, as he has served his sentence on the other counts. *Id*. at 3–4. Because the Court will resentence him, it declines to order his release at this time. As such, the Motion to Grant is granted in part.

## CONCLUSION

For the foregoing reasons, Petitioner Ledell Seantrel Tyler's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 122, is GRANTED; Respondent United States of America's Motion to Dismiss, ECF No. 125, is DENIED; Tyler's Motion in Relation Back to Original 2255 Petition, ECF No. 154, is DENIED; and Tyler's Motion to Grant 2255 Motion to Vacate and Vacate Conviction and Sentence as to Count Two, ECF No. 156, is GRANTED IN PART. Tyler's conviction under 18 U.S.C.

---

*Francies v. United States*, Nos. 19-2672, 19-2673, & 19-2678, 2022 WL 2763385, at *2 (7th Cir. July 15, 2022) (remanding for resentencing on other counts where the defendants' § 924(c) convictions were vacated due to *Taylor*).

[6] Post-*Taylor*, the government concedes that Tyler's Count Two conviction should be vacated, Suppl. Resp. 3, but it has not moved to withdraw its Motion to Dismiss.

§ 924(c) is VACATED, and he will be resentenced. Counsel will be appointed to represent Tyler in the resentencing proceedings. The Clerk is directed to enter judgment on the § 2255 proceeding and close the accompanying civil case, No. 4:20-cv-04085-SLD.

    Entered this 1st day of November, 2022.

                                                    s/ Sara Darrow
                                                  SARA DARROW
                           CHIEF UNITED STATES DISTRICT JUDGE